¶ 1. This is an appeal from the summary denial of post conviction relief. The circuit court found the petitioner failed to make a prima facie case that he received ineffective assistance of counsel. We agree and affirm. *Page 413 
 STATEMENT OF THE FACTS
¶ 2. Tyrone Ellis was indicted on August 11, 1998 on multiple counts. On May 13, 1999, he pled guilty to a single count of armed robbery and was sentenced to a term of 35 years imprisonment. During the time that elapsed from the indictment to the entry of the guilty plea, Ellis requested and was granted three separate continuances so that his co-defendant could be tried first and that his counsel could be substituted.
 DISCUSSION
¶ 3. Our standard of review for ineffective assistance of counsel claims is the familiar two-part test of Strickland v. Washington,466 U.S. 668, 687 (1984). It requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss. 1995).
¶ 4. Ellis contends that his counsel led him to believe that he was pleading guilty to aggravated assault rather than to armed robbery. The record indicates otherwise. During the entry of the guilty plea, Ellis specifically stated he understood he was pleading to armed robbery and that his attorney had discussed all the elements of that crime with him. A circuit court will be affirmed for summarily dismissing a motion for post conviction relief when a petitioner's testimony conflicts with facts asserted in his motion for post conviction relief. Taylor v. State,682 So.2d 359, 363 (Miss. 1996); We agree that there was no merit to his claim that he was misled.
¶ 5. Ellis also asserts that his counsel should have asserted a speedy trial issue. The entry of a guilty plea waives the issue of whether a defendant received a speedy trial. Anderson v. State,577 So.2d 390, 391 (Miss. 1991) However, counsel's decision to waive the right to a speedy trial in exchange for the guilty plea may constitute ineffective assistance of counsel. McVeay v. State,754 So.2d 486, 487 (Miss. Ct. App. 1999). In order to succeed on a claim that counsel breached the minimum level of performance in failing to assert a speedy trial issue, a petitioner has the burden of showing such an issue could have merit. Id. at 488-489. The record reveals that one continuance was granted to allow a co-defendant to be tried before Ellis and two more were granted to allow Ellis to prepare for trial, we fail to find that raising a speedy trial complaint would have been meritorious.
¶ 6. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POSTCONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS ARE ASSESSED TOLOWNDES COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE,MYERS, PAYNE, AND THOMAS, JJ., CONCUR.