864 So.2d 1009 (2004)
Carl Gene BROWN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00967-COA.
Court of Appeals of Mississippi.
January 27, 2004.
*1010 Wesley Thomas Evans, Ridgeland, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY
¶ 1. In November 1998, Carl Brown was indicted by a Humphreys County grand jury of aggravated assault. The trial was held in October 2000. At the close of the State's case, Brown moved for a directed verdict, but the motion was denied. Brown was subsequently convicted of aggravated assault and was sentenced to ten years in prison with two years suspended, plus ordered to pay $17,000 in restitution to the victim. Brown filed a motion for judgment notwithstanding the verdict or a new trial and a motion to modify sentence, both of which were denied. He now appeals to this Court arguing that the trial court erred in failing to grant him a directed verdict, and in admitting evidence of a prior act of violence to show Brown's bad character. We review these two issues and find no merit; thus, we affirm.

FACTS
¶ 2. On or about April 12, 1998, in Belzoni, Carl Brown and two other men approached Clifton Robertson as he worked on a car outside of his mother-in-law's home. Armed with a baseball bat, the men attacked Robertson and began hitting him, breaking his leg before Robertson's wife told the men she had called the police. The men left and she took her husband to the hospital where he remained for two weeks.
¶ 3. The cause of the attack is unclear, but testimony revealed that prior to the incident Robertson and Brown had a dispute. In his defense, Brown claims he did not use the bat, but rather tried to stop the other men from attacking Robertson.

DISCUSSION

I. DID THE TRIAL COURT ERR IN NOT GRANTING THE APPELLANT'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE?
¶ 4. With his first issue, Brown argues the trial court improperly denied his motion for directed verdict at the close of the State's case. A motion for directed verdict challenges the sufficiency of the evidence, and that standard of review is:
In appeals from an overruled motion for JNOV, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence ... consistent with guilt must be accepted as true. The prosecution must be given the benefit of *1011 all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Edwards v. State, 797 So.2d 1049(¶ 14) (Miss.Ct.App.2001).
¶ 5. Brown argues that the prosecution failed to prove that he committed aggravated assault against Robertson. Specifically, Brown points out that no witness testified to seeing Brown with a bat or another object, Robertson himself testified that Brown did not strike him but that Roosevelt Harris was the actual striker, and no motive for the attack was established.
¶ 6. Section 97-1-3 (Supp.2003) of the Mississippi Code Annotated states, "Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not." The State points out that Brown was an accessory to the crime, and an accessory is indicted as a principal, just as Brown was indicted.
What renders one an accessory before the fact is well settled. In Crawford v. State, 133 Miss. 147, 97 So. 534 (1923), this Court ruled that to aid and abet in the commission of a felony, one must "do something that will incite, encourage, or assist the actual perpetrator in the commission of the crime."
Malone v. State, 486 So.2d 360, 363 (Miss. 1986). According to the Crawford standard enunciated in Malone, Brown qualified as an accessory before the fact. Robertson testified that as he was outside of his mother-in-law's home working on his car, Brown and some other men drove up and cornered him. When one of the men carrying a baseball bat went towards Robertson's brother-in-law, Brown redirected him towards Robertson. Also, Robertson testified that after the attack when the men were leaving, Roosevelt said to Brown, "You can pay me now." When questioned about what may have provoked the attack, Robertson explained that a few weeks before he and Brown had fought over Brown's alleged disrespect for Robertson's wife. Viewing the evidence in a light favorable to the State and giving the prosecution the benefit of all favorable inferences, we find the court did not err in denying the motion for directed verdict.
¶ 7. Brown also argues that the prosecution failed to prove that the baseball bat used in the attack was a deadly weapon. With the bat, the assailant caused a compound fracture of Robertson's leg. Robertson testified that the attacker swung the bat at his head; but for Robertson's efforts to defend himself, the bat certainly could have done more damage, even to the point of causing his death. We find no merit to this point.

II. DID THE TRIAL COURT ERR IN ADMITTING EVIDENCE OF OTHER OF APPELLANT'S BAD ACTS?
¶ 8. Brown argues next that the trial court erred in admitting evidence of his prior bad acts, specifically an altercation between himself and the victim, Clifton Robertson. Our standard of review concerning the admissibility of evidence is abuse of discretion, and absent such abuse, we will not reverse the trial court's ruling. Gray v. State, 846 So.2d 260(¶ 3) (Miss.Ct. App.2002).
¶ 9. Rule 404 of the Mississippi Rules of Evidence states:

*1012 Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except: ... (1) Character of Accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;... (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
¶ 10. Brown claims that the trial court should not have allowed evidence to be presented concerning a fight between himself and Robertson weeks before the assault because it inferred that Brown had a bad character, and this evidence could inflame the jury. The fight, which occurred two or three weeks before the assault, was at Robertson's girlfriend's mother's home where Robertson lived with his girlfriend,[1] and where Brown lived also. Robertson accused Brown of indecency and disrespect for other females in the house, including two young girls, as he would walk around the house in just a towel. A few nights later, Robertson claims Brown came in and involved himself in an argument between Robertson and his future mother-in-law, and Robertson told Brown that if he had something to say, he should be a man and say it himself. Brown then lunged at Robertson and landed on top of him on the couch where the two began hitting each other. Robertson testified that he moved out of the house after that.
¶ 11. Brown cites the balancing test of Mississippi Rules of Evidence 403 which states that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." This evidence was permitted to show motive for the later attack, which is an exception under Mississippi Rules of Evidence 404(b). We find the judge did not abuse his discretion as the probative value of showing the motive for Brown's subsequent attack on Robertson did outweigh any possible prejudice. There is no merit to this issue.
¶ 12. THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED AND ORDER TO PAY $17,000 IN RESTITUTION TO THE VICTIM, IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] At the time of trial, she and Brown were married.