923 So.2d 1043 (2005)
Keith A. BULLARD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02051-COA.
Court of Appeals of Mississippi.
October 18, 2005.
Rehearing Denied January 17, 2006.
Certiorari Denied March 16, 2006.
*1044 Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before BRIDGES, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. On June 23, 2004, Keith A. Bullard was found guilty of aggravated assault in the Circuit Court of Rankin County. On July 19, 2004, the court sentenced Bullard to serve twenty years in the custody of the Mississippi Department of Corrections, twelve years suspended, leaving eight years to serve, five years post release supervision and to pay a fine of $5,000.
¶ 2. On September 2, 2004, the court denied Bullard's motion for a new trial. Aggrieved by the trial court's judgment, Bullard now appeals raising the following three issues:

*1045 I. WHETHER OR NOT THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUSTAINING AN OBJECTION THE STATE MADE THAT PRIOR INCONSISTENT STATEMENTS USED FOR IMPEACHMENT HAVE TO BE UNDER OATH.
II. WHETHER OR NOT TRIAL COUNSEL WAS INEFFECTIVE IN ALLOWING CONTINUOUS LEADING QUESTIONS BY THE PROSECUTOR THROUGHOUT THE TRIAL.
III. WHETHER OR NOT THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING A DIRECTED VERDICT OR IN THE ALTERNATIVE, A JUDGMENT NOT WITHSTANDING THE VERDICT.
¶ 3. Finding no reversible error, we affirm the judgment of the circuit court.

FACTS
¶ 4. On July 21, 2001, Bullard and his wife, Nancy, were at the Coon Hunter's Lodge in Rankin County. The Coon Hunter's Lodge was a place where people gathered to eat, play cards and drink. On the night in question, Bullard made some lewd comments to other women at the lodge. After hearing the comments that Bullard made to the women, Jimmy Smith approached Bullard, and they began arguing. In trying to prevent a brawl, some patrons escorted Smith out the back door, while other patrons including the victim, Pete Steverson, attempted to escort Bullard out the front door. Once outside Bullard did not say much, but Bullard's wife Nancy began arguing with Steverson. Smith, who earlier had been escorted out the back door, came to the front of the lodge and threw a beer can at Bullard which just missed his face.
¶ 5. Sometime during all the commotion, Bullard picked up a boat paddle and struck Steverson across the face. Steverson was severely injured, and Bullard fled the scene. The police arrived shortly thereafter, and after obtaining a description of Bullard's vehicle, located Bullard and put him into custody. Bullard was subsequently charged and eventually convicted of aggravated assault for striking Steverson in the face.

LEGAL ANALYSIS

I. WHETHER OR NOT THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUSTAINING AN OBJECTION THE STATE MADE THAT PRIOR INCONSISTENT STATEMENTS USED FOR IMPEACHMENT HAVE TO BE UNDER OATH.
¶ 6. Bullard claims that the trial court committed reversible error when it sustained an objection from the State and ruled that a prior inconsistent statement had to have been made under oath. This objection occurred during the cross-examination of Mark Wilson. The trial court mistakenly ruled that prior inconsistent statements could only be used for impeachment if they were sworn statements. However, even though this ruling is inconsistent with M.R.E. 613, the State argues that the trial court's exclusion of this evidence is not reversible error.

STANDARD OF REVIEW
¶ 7. The standard of review determining the admissibility of evidence is abuse of discretion and we will not reverse the trial court's ruling absent such abuse. Brown v. State, 864 So.2d 1009 (¶ 8) (Miss. Ct.App.2004); Gray v. State, 846 So.2d 260 (¶ 3) (Miss.Ct.App.2002).

DISCUSSION
¶ 8. Prior inconsistent statements not made under oath are admissible for impeachment purposes only and not as substantive evidence. See Morgan v. *1046 State, 818 So.2d 1163, 1167 (¶ 8) (Miss. 2002). In the case sub judice, we determine that this excluded prior inconsistent statement was intended for impeachment purposes; however, the exclusion of this evidence in error constituted a harmless error. See Brown v. U.S., 411 U.S. 223, 231, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). The independent evidence is so overwhelming, without Wilson's prior inconsistent statement being admitted, that we must leave this conviction undisturbed. Id.
¶ 9. In order for a case to be reversed for an erroneous exclusion of evidence, two elements must be proved: (1) an error occurred and (2) an injury to the party appealing as a result of that error. Jefferson v. State, 818 So.2d 1099, 1112 (¶ 36) (Miss.2002). Bullard has proved that there was an error, but he has failed to show an injury as a result of such error. The record reflects that Wilson was thoroughly cross-examined before and after the erroneous ruling by the trial court, and other witnesses corroborated his testimony. An error is considered harmless when it is trivial, formal or merely academic, and not prejudicial to the substantive rights of the appealing party and does not affect the final outcome of the case. Id. This conviction was supported by other evidence; therefore, it was harmless error for the trial court to have erroneously excluded this prior inconsistent statement. Id. Bullard has failed to prove that this exclusion was prejudicial to his substantive rights. Therefore, this issue is without merit.

II. WHETHER OR NOT TRIAL COUNSEL WAS INEFFECTIVE IN ALLOWING CONTINUOUS LEADING QUESTIONS BY THE PROSECUTOR THROUGHOUT THE TRIAL.
¶ 10. Bullard claims that his counsel's failure to object to the prosecutor's leading questions resulted in ineffective assistance of counsel. Bullard goes on to claim that this ineffective assistance of counsel was prejudicial to his case, and as a result he should be awarded a new trial. The State's position is that there was overwhelming evidence of Bullard's guilt, with eyewitness testimony corroborating the events of the night of the assault; therefore, the jury would have still found Bullard guilty even if his counsel had objected to the leading questions.

STANDARD OF REVIEW
¶ 11 In order to prove ineffective assistance of counsel, Bullard must prove by a preponderance of the evidence that (1) counsel's performance was defective, and (2) the defect was so prejudicial that it prevented Bullard from receiving a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). The proper standard that is required to show prejudice requires Bullard to prove that there was a reasonable probability that, but for counsel's errors, the trial court's result would have been different. Strickland, 466 U.S. at 669, 104 S.Ct. 2052.

DISCUSSION
¶ 12. Bullard relies on McDavid v. State in arguing that counsel's failure to object to leading questions equals ineffective assistance of counsel. McDavid v. State, 594 So.2d 12 (Miss.1992). We find Bullard's reliance on this case strained. In McDavid, the State's leading questions actually proved that the defendant was involved in the crime which was prejudicial and therefore required reversal. Id. at 17. Bullard has provided no evidence that proves he suffered harm as a result of his *1047 attorney not objecting to the State's leading questions. Furthermore, Bullard has shown no evidence that had his attorney objected to the State's leading questions the outcome would have been different.
¶ 13. This Court also is mindful that not objecting to leading questions by the State could have been a trial strategy. The procedure used by one attorney is not judged by the "hindsight and method another attorney might have used" under similar circumstances. Al-Fatah v. State, 856 So.2d 494, 503 (¶ 24) (Miss.Ct.App. 2003) (quoting Parham v. State, 229 So.2d 582, 583 (Miss.1969)). "This Court must apply a heavy measure of deference to counsel's judgments." Wiley v. State, 517 So.2d 1373, 1379 (Miss.1987). Bullard did not suffer any actual or substantial disadvantage because of this failure to object. The same answers could have been elicited by simply rephrasing the question. Jackson v. State, 614 So.2d 965, 971 (Miss. 1993). This Court ruled in Al-Fatah that trial counsel's failure to object to leading questions, without proof that prejudice resulted, does not amount to ineffective assistance of counsel. Al-Fatah, 856 So.2d at 503 (¶ 24).
¶ 14. Bullard has failed to meet the two-prong test set out in Strickland. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Bullard has the burden of proof for the first prong and "there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Id. at 689, 104 S.Ct. 2052. Bullard still having the burden of proof, under the second prong even if counsel's conduct is "professionally unreasonable," the judgement still stands "if the error had no effect on the judgment." Id. at 691, 104 S.Ct. 2052. Bullard has not met his burden to show any evidence that results from a deficiency in his counsel's performance that is sufficient to prejudice the defense. Bullard was entitled to a fair trial, not a perfect one; nor does he have a constitutional right to errorless counsel. Cabello v. State, 524 So.2d 313, 315 (Miss. 1988). This issue is without merit.
¶ 15. Although we find Bullard's issue regarding ineffective assistance of counsel to be meritless, we are mindful of the Mississippi Supreme Court's ruling in Read v. State. 430 So.2d 832, 841 (Miss. 1983). This set out the standard of appellate court review of an ineffective assistance of counsel claim. The supreme court said that we are to:
[C]onduct a thorough review of the record to see whether a determination can be made from the record that counsel's performance was constitutionally substandard. "Assuming that the Court is unable to conclude from the record that defendant's trial counsel was constitutionally ineffective," the court is directed to consider any other issues raised in the appeal and, assuming no reversible error is found among them, to affirm "without prejudice to the defendant's right to raise the ineffective assistance of counsel issue via appropriate post-conviction relief proceedings."
Wash v. State, 807 So.2d 452, 461 (¶ 34) (Miss.Ct.App.2001) (quoting Read, 430 So.2d at 841). We have also held regarding an ineffectiveness claim that:
We should reach the merits on an ineffective assistance of counsel issue on direct appeal only if "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." Colenburg v. State, 735 So.2d 1099, 1101 (Miss.Ct.App.1999). If the issue is not examined because of the state of the record, and assuming the conviction is *1048 affirmed, the defendant may raise the ineffective assistance of counsel issue in post-conviction relief proceedings. Read, 430 So.2d at 841.
Pittman v. State, 836 So.2d 779, 787 (¶ 39) (Miss.Ct.App.2002).
Since we find that the record was not clear in order to determine whether Bullard's counsel was not deficient, this issue is affirmed without prejudice so that Bullard may pursue this matter under the State's post-conviction relief statutes.

III. WHETHER OR NOT THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING A DIRECTED VERDICT OR IN THE ALTERNATIVE, A JUDGMENT NOT WITHSTANDING THE VERDICT.
¶ 16. Bullard argues that there is no evidence to support the verdict. In spite of Bullard's assertion, the most he has shown is that there were different versions of events presented through the testimony from both sides. The mere fact that some of the defense's testimony contradicted the State's testimony does not mean that there was no evidence to support the verdict.

STANDARD OF REVIEW
¶ 17. The standard of review for deciding whether or not a jury verdict is against the overwhelming weight of the evidence is that this Court must accept the evidence which supports the verdict as the truth and will reverse only if we are convinced that the circuit court abused its discretion in not granting a new trial. Price v. State, 898 So.2d 641, 652 (¶ 26) (Miss.2005). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence, that, to allow the verdict to stand, would be to sanction an unconscionable injustice. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
¶ 18. This standard is necessary because any factual disputes are properly resolved by the jury. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993). Bullard argues that there were conflicts in testimony, and the jury did not consider the testimony of Kenneth Limpscomb, a witness called by the defense, who Bullard believes "rendered the true account of what occurred." Bullard goes further to argue that the jury failed to take into account the testimony of defense witnesses which support self-defense or defense of others defenses. The resolution of the conflicting testimony was a factual dispute which is for the jury to decide. "If there are circumstances shown in the evidence which materially contradict the defendant's version of self-defense, the jury is not required to accept his version, but may consider his version of self-defense along with the conflicting evidence in determining the guilt or innocence of the defendant." Johnson v. State, 346 So.2d 927, 929 (Miss. 1977). The only way this Court can overturn a jury's findings is that the facts must be so in favor of the defendant that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty. Glass v. State, 278 So.2d 384, 386 (Miss.1973). Mere conflicting testimony is not enough for this Court to order a new trial; therefore, we hold that the verdict reached by the jury against Bullard is consistent with the weight of the evidence presented by the State.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS WITH TWELVE YEARS SUSPENDED, EIGHT YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF *1049 CORRECTIONS, FIVE YEARS POST RELEASE SUPERVISION AND A FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.