952 So.2d 251 (2006)
Tyrone ELLIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00679-COA.
Court of Appeals of Mississippi.
August 1, 2006.
Rehearing Denied March 20, 2007.
*252 Tyrone Ellis, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., CHANDLER, GRIFFIS, and BARNES, JJ.
CHANDLER, J., for the Court.
¶ 1. Tyrone Ellis pled guilty to the charge of armed robbery and aggravated assault in the Lowndes County Circuit Court and was sentenced to thirty-five years in the custody of the Mississippi Department of Corrections. On January 14, 2005, Ellis filed a motion for post-conviction relief. The trial court denied the motion under Mississippi Code Annotated section 99-39-5 (Supp.2005) because the motion was not timely filed. Ellis appeals, raising the following issue:
WHETHER THE CIRCUIT COURT WAS CORRECT IN DENYING POST-CONVICTION RELIEF
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On August 11, 1998, Ellis was indicted in Lowndes County on the charges of armed robbery and aggravated assault. On May 13, 1999, Ellis entered a guilty plea and was sentenced to thirty-five years in the custody of the Mississippi Department of Corrections. On March 29, 2000, Ellis filed a notice of appeal claiming ineffective assistance of counsel. Ellis alleged that counsel led him to believe he was pleading guilty to aggravated assault rather than armed robbery. Ellis also alleged that his counsel should have asserted his right to a speedy trial. On December 12, 2000, this Court denied Ellis's first motion for post-conviction relief.
¶ 4. On January 14, 2005, Ellis filed a second motion for post-conviction relief. Ellis's motion claimed that his guilty plea was not knowingly and voluntarily entered and he contends that he was provided ineffective assistance of counsel. The trial court denied the motion because it was time barred and the motion did not meet any exceptions under Mississippi Code Annotated section 99-39-5 (Supp.2005). Upon the denial of this second motion, Ellis appealed to this Court.

STANDARD OF REVIEW
¶ 5. The trial court's denial of post-conviction relief must be reviewed under the "clearly erroneous" standard. Robinson v. State, 904 So.2d 203, 204(3) (Miss. Ct.App.2005). Therefore, this court will not reverse the trial court's decision unless the factual findings are found to be clearly erroneous. However, questions of law are reviewed de novo. Id.
WHETHER THE CIRCUIT COURT WAS CORRECT IN DENYING POST-CONVICTION RELIEF
¶ 6. In this motion for post-conviction relief, Ellis claims that he was denied effective assistance of counsel and he alleges that his guilty plea was not knowingly and voluntarily entered. Ellis pled guilty to a single count of armed robbery and was *253 sentenced on May 13, 1999. According to Mississippi Code Annotated section 99-39-5(2), "[a] motion for relief under this article shall be made . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Ellis filed his motion for post-conviction relief more than three years after the trial court accepted his plea of guilty and imposed the thirty-five year sentence. Accordingly, his motion is time barred under Mississippi Code Annotated section 99-39-5(2) (Supp.2005).
¶ 7. Secondly, Ellis is procedurally barred from asserting his motion because it is successive. Under Mississippi Code Annotated section 99-39-27(9) (Supp.2005), "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Because Ellis previously filed a motion for post-conviction relief, Ellis may not file a second or successive motion absent some exception to the procedural bar. "Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration." Luckett v. State, 582 So.2d 428, 430 (Miss.1991). Therefore, we must determine whether Ellis's fundamental rights have been violated before determining whether it qualifies as an exception to the procedural bar.
A. Whether Ellis was afforded effective assistance of counsel
¶ 8. Ellis asserts that he was not afforded effective assistance of counsel because counsel encouraged him to plead guilty to armed robbery, which he claims never occurred. This reasoning differs from Ellis's first motion for post-conviction relief, in which he claimed that counsel was ineffective because counsel led him to believe that he was pleading guilty to aggravated assault rather than armed robbery.
¶ 9. The standard of review for ineffective assistance of counsel claims is the two-part test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. Although in some cases this Court might find a lawyer's performance was so deficient as to violate a defendant's constitutional rights, "this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar." Bevill v. State, 669 So.2d 14, 17 (Miss.1996). Therefore, Ellis's mere assertion of ineffective assistance of counsel is not sufficient to overcome the procedural bar. Before determining whether Ellis's claim qualifies as an exception to the procedural bar, we must examine whether there was ineffective assistance of counsel.
¶ 10. As stated in Ellis v. State, 773 So.2d 412, 413 (¶ 4) (2000), "[d]uring the entry of the guilty plea, Ellis specifically states he understood he was pleading guilty to armed robbery and that his attorney had discussed all the elements of that crime with him." Therefore, the record indicates that Ellis was informed by counsel that he was pleading guilty to armed robbery. There is no evidence that counsel misled Ellis. "A circuit court will be affirmed for summarily dismissing a motion for post conviction relief when a petitioner's testimony conflicts with facts asserted in his motion for post conviction relief." Id. (citing Taylor v. State, 682 So.2d 359, 363 (Miss.1996)). Therefore, this claim is without merit.
B. Whether Ellis entered a plea of guilty knowingly and voluntarily
¶ 11. Ellis alleges that his guilty plea was not knowingly and voluntarily entered. This Court recognizes that a *254 claim of an involuntary guilty plea is not an exception to the procedural bar. Trotter v. State, 907 So.2d 397, 402 (14-15) (Miss.Ct.App.2005). Therefore, Ellis's claim that the guilty plea was not knowingly entered is procedurally barred.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.