JAMES, J.,
for the Court:
¶ 1. Juquin Wilson was indicted on a charge of auto burglary. Wilson was convicted and sentenced to five years in the custody of the Mississippi Department of Corrections. Wilson filed a motion for a new trial, which was denied. Wilson ap *791 peals claiming the trial court erred in denying his motion for a new trial, because the verdict is against the weight of the evidence. Finding no error, we affirm.
FACTS
¶2. On November 7, 2012, Lisa Claiborne looked out of the window of her home and noticed a man in her car. The man was bent down, wearing a blue and white jacket and a skull cap. Claiborne later identified the man as Wilson. Claiborne testified that she left her car unlocked, and she saw Wilson looking into her purse.
¶ 3. Claiborne approached her car and struck the window. Startled, Wilson raised his head, and then ran. Claiborne got in her car and pursued Wilson down the street. Wilson looked back twice while running before he ran through shrubbery to escape Claiborne. Claiborne’s neighbor called the police, and Claiborne made a police report. She identified Wilson as the culprit, and he was arrested later that day.
¶ 4. Following a jury trial, Wilson was convicted of auto burglary and sentenced to five years in the custody of the Mississippi Department of Corrections. On March 18, 2013, Wilson filed a motion for a new trial, a motion to set aside his sentence, and a motion for a judgment of acquittal notwithstanding the verdict of the jury (JNOV). The trial court denied all of the motions on March 20, 2013. Wilson appeals.
STANDARD OF REVIEW
¶ 5. The appellate court “review denials of motions for a new trial based on the weight of the evidence, while we review denials of motions for a JNOV based on the sufficiency of the evidence.” Braggs v. State, 121 So.3d 269, 272 (¶ 6) (Miss.Ct.App.2013). “In our review of a denial of a motion for [a] new trial, we accept as true all evidence in favor of the State. We will reverse the denial of a motion for a new trial only if the trial court abused its discretion.” Id. at (¶ 7) (internal citation omitted).
DISCUSSION
¶ 6. Wilson’s sole assignment of error is that the trial court erred when it denied his motion for a new trial, and the verdict is against the overwhelming weight of the evidence. The Court has previously held that “[wjhen reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Johnson v. State, 94 So.3d 316, 322 (¶ 16) (Miss.Ct.App.2011). Further, “the evidence should be weighed in the light most favorable to the verdict.” Id. “[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Brown v. State, 130 So.3d 1074, 1082 (¶ 25) (Miss.2013).
¶ 7. Wilson points to several occurrences in the record to bolster his contention that the verdict was against the weight of the evidence. First, Wilson states that Claiborne did not get a good look at the man she saw through her window. Claiborne, however, testified that her car was parked less than ten yards away from the window of her home. Moreover, when Claiborne was in pursuit of the perpetrator, he looked back twice, giving her additional opportunities to see his face.
¶ 8. Next Wilson maintains that by the time Claiborne got in her car to chase the perpetrator, she lost sight of him and assumed that Wilson was the man she caught in her car earlier. Claiborne recognized Wilson from earlier that morning *792 and testified that she knew him from the neighborhood and went to school with his family members. Wilson also states that the man Claiborne saw through her window was wearing a blue and white jacket and a skull cap; whereas when he was apprehended, he was wearing a white shirt and dark pants. However, the trial testimony indicates that Wilson was arrested several hours after the incident. Thus, Wilson had time to change his clothes.
¶ 9. Wilson further contends that his alibi for the burglary is that he was at his grandmother’s house, where he frequently stays overnight. Wilson’s cousin also testified that she saw Wilson there and that he came out of the bedroom at approximately 10 a.m. However, she also testified that she was awake only thirty minutes before, which would leave Wilson unaccounted for at the time the burglary occurred. As a result, we find that the weight of the evidence supports the jury’s verdict. The facts do not support a reversal on these grounds. Therefore, this issue is without merit.
¶ 10. For the above reasons, we affirm the judgment of conviction of auto burglary and sentence of five years.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF AUTO BURGLARY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.