# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00362-COA

**WILLIE DUCK**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2015 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF MORE THAN TWO GRAMS BUT LESS THAN TEN GRAMS OF A CONTROLLED SUBSTANCE WITH INTENT TO SELL OR DISTRIBUTE AND SENTENCED AS A HABITUAL OFFENDER TO SERVE TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, PROBATION, OR ANY REDUCTION OR SUSPENSION OF SENTENCE |
| DISPOSITION: | AFFIRMED - 04/11/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Willie Duck was convicted in the Adams County Circuit Court of possession of more than two grams but less than ten grams of a controlled substance with intent to sell or

distribute. After a bifurcated hearing, Duck was sentenced as a habitual offender to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). Duck raises the following issues: (1) he was not properly sentenced as a habitual offender; (2) he was entitled to a new trial; (3) the trial court failed to grant a mistrial; (4) newly discovered evidence entitled him to a new trial; (5) the evidence was insufficient to support the verdict; and (6) ineffective assistance of counsel. Finding no merit, we affirm.

**FACTS**

¶2. On September 19, 2014, the Adams County Sheriff's Department, working with the Metro Narcotics Unit, staged a drug buy using a confidential informant. According to Officer Shane Daugherty, he was contacted by the confidential informant, Jessica Biglane, concerning a possible drug buy. According to Biglane, Duck had contacted her in order to sell methamphetamine from Biglane's house located in Fenwick, Mississippi. Biglane testified that Duck indicated he needed to leave Natchez, Mississippi, due to a recent interaction with law enforcement.

¶3. Officer Daugherty, along with Agent David Washington of the narcotics unit, met with Biglane to provide her with money and to install recording devices in her vehicle. Biglane was instructed to drive to a local grocery store in Adams County where the agents would apprehend Duck after the drug buy. Officer Daugherty and Agent Washington followed Biglane as she picked up Duck and proceeded to the grocery store.

¶4. Agent Washington testified that he, Officer Daugherty, and Lieutenant George Pirkey approached Biglane's vehicle after it reached the rendezvous point. Agent Washington

2

stated that as Duck was exiting the front passenger side of Biglane's vehicle, he dropped a plastic bag on the ground near his feet. Officer Daugherty testified that he could see Duck sitting in the front passenger side holding cash in one hand and a bag containing white rocks in his other hand. But Officer Daugherty did not see Duck drop the bag, only that Duck's hands were empty by the time he exited the vehicle. Lieutenant Pirkey was waiting in the area when Biglane's vehicle arrived at the grocery store. Lieutenant Pirkey testified that he approached the vehicle with the other agents and saw Duck drop a plastic bag as he exited the vehicle. Lieutenant Pirkey then retrieved the bag, and Duck was arrested. The substance in the bag was later tested and determined to be methamphetamine.

## DISCUSSION

### I. Habitual-Offender Status

¶5. To be sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), the State must prove that the defendant had "been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and . . . sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere . . . ."

¶6. Duck argues that the evidence the State used to prove one of his prior convictions was not sufficient.[1] Duck had been convicted on July 28, 2000, in Louisiana for possession of cocaine and had been sentenced to seventeen months. The State submitted a document titled

---

[1] Duck does not argue that the evidence was insufficient regarding his other prior conviction. The State had submitted a certified copy of a sentencing order to show Duck had been convicted on September 12, 2011, of robbery and sentenced to serve seven years in the custody of the MDOC.

"Docket Master, Orleans Parish Criminal District Court," that listed Duck's conviction and sentence. The document was certified by the Deputy Clerk of the Orleans Parish Criminal District Court. During the sentencing hearing, the State noted that it had requested evidence of Duck's conviction in Louisiana, and was advised by the clerk that the particular document was what they normally provided when asked for evidence of a defendant's prior convictions. The trial court found the document was sufficient proof, stating that "while it is not a sentencing order, it is evidence of his prior conviction."

¶7. This Court has noted that a judgment of conviction is the "best evidence" of a prior conviction. *Hull v. State*, 174 So. 3d 887, 901 (¶43) (Miss. Ct. App. 2015) (citation omitted). However, other forms of evidence, including certified copies of docket entries, have been allowed. *See Vincent v. State*, 200 Miss. 423, 424, 27 So. 2d 556, 556 (1946) (certified copies of docket entries of conviction were sufficient proof of a prior conviction); *see also Lovelace v. State*, 410 So. 2d 876, 879 (Miss. 1982) (certified abstracts of court record were sufficient proof of a prior conviction). Here, the certified document from Louisiana was sufficient proof of one of Duck's prior convictions. This issue is without merit.

## II. New Trial

¶8. Duck argues that one of the witnesses, specifically Lieutenant Pirkey, was in the courtroom during a portion of the State's opening argument. In the middle of the State's opening argument, Duck interrupted and invoked Mississippi Rule of Evidence 615. The trial court acquiesced and removed the witnesses from the courtroom. Duck contends that Lieutenant Pirkey's presence in the courtroom during part of the State's opening argument

4

was a deliberate attempt to tailor his testimony to the State's evidence; thus, he should be granted a new trial. However, Duck has not produced any evidence to substantiate this claim, nor has he shown any prejudice resulting from Lieutenant Pirkey's presence in the courtroom prior to the rule being invoked. We cannot find any error by the trial court in refusing to grant Duck's motion for a new trial.

### III. Motion for Mistrial

¶9. Duck next argues that the trial court should have granted his motion for a mistrial. We review a trial court's denial of a motion for mistrial under our familiar abuse-of-discretion standard. *Pulphus v. State*, 782 So. 2d 1220, 1223 (¶10) (Miss. 2001). During the State's direct examination, Officer Washington testified as to what occurred after Duck exited the vehicle and dropped the bag. Regarding the bag, Officer Washington testified that "it was partially open . . . . That's when we realized it was crystal [methamphetamine]." Duck objected and moved for a mistrial on the ground that the State had not yet produced testimony that the substance was indeed methamphetamine. The trial court sustained Duck's objection but denied his motion for a mistrial. The trial court noted that a prior witness, Officer Daugherty, had testified that the substance found in the bag that Duck dropped field-tested positive for methamphetamine. We can find no abuse of discretion by the trial court in denying Duck's motion.

### IV. New Evidence

¶10. Duck argues that after trial while he was in the county jail, Officer Washington saw Duck and stated, "I got you!" Duck contends this statement is proof that he was framed by

the police; thus, he is entitled to a new trial. Duck raised this issue in his posttrial motion, which the trial court denied. Other than his bare assertion, Duck has not shown how this "newly discovered evidence" would have produced a different result at trial. *See* URCCC 10.05(3). We find no merit to this issue.

## V. Insufficient Evidence

¶11. Lastly, Duck argues that the evidence was insufficient to support the guilty verdict. At the close of the State's case, Duck moved for a directed verdict, which the trial court denied. Duck did not present any evidence on his behalf. When determining whether the State presented legally sufficient evidence to support the verdict, "the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. *Id*. "During the trial, the jury is charged with the responsibility of weighing and considering the conflicting evidence of the witnesses and determining whose testimony should be believed." *Winters v. State*, 814 So. 2d 184, 187 (¶9) (Miss. Ct. App. 2002) (citation omitted).

¶12. Here we find sufficient evidence to support the verdict. Both Agent Washington and Lieutenant Pirkey saw Duck exit the vehicle and drop a bag containing a substance that was later determined to be methamphetamine. Officer Daugherty saw Duck holding this bag

prior to exiting the car. This issue is without merit.

## VI. Ineffective Assistance of Counsel

¶13. Duck briefly asserts his trial counsel was ineffective for failure to object to two leading questions that the State asked Officer Daugherty. During Officer Daugherty's testimony, the State had asked him what he had heard through the recording device planted in Biglane's vehicle. The State was trying to establish that Biglane had exited the vehicle.

Q: And how did you know [Biglane] wasn't still in the van?

A: Lieutenant Pirkey informed me that she had gotten out of the vehicle and went into the store.

Q: I believe y'all were listening?

A: Yes.

Q: And were able to hear that also?

A: I could hear [Biglane] getting out of the vehicle. Yes, sir.

¶14. To establish ineffective assistance of counsel, Duck must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468, 476-77 (Miss. 1984). Duck must demonstrate: (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. *Braggs v. State*, 121 So. 3d 269, 272 (¶9) (Miss. Ct. App. 2013). "The *Strickland* test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial." *Id.* at 273 (¶11) (citing *Conner v. State*, 684 So. 2d 608, 610 (Miss. 1996)).

¶15. Generally, ineffective-assistance claims are raised during postconviction proceedings.

7

*Archer v. State*, 986 So. 2d 951, 955 (¶15) (Miss. 2008). However, a claim of ineffectiveness may be raised on direct appeal "if such issues are based on facts fully apparent from the record." M.R.A.P. 22(b). If the record cannot support a claim of ineffectiveness, then the appropriate action is to deny relief, preserving the appellant's right to argue the same issue through a petition for postconviction relief. *Braggs*, 121 So. 3d at 272 (¶9). Here, the issue is fully apparent from the record.

¶16. "[T]rial counsel's failure to object to leading questions, without proof that prejudice resulted, does not amount to ineffective assistance of counsel." *Bullard v. State*, 923 So. 2d 1043, 1047 (¶13) (Miss. Ct. App. 2005). According to the record, Duck's trial counsel did raise other objections throughout trial, indicating that his decision not to object to the two leading questions was a matter of trial strategy. *See id.* Furthermore, Duck has not proved that prejudice resulted from these leading questions. This issue is without merit.

¶17. **THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN TWO GRAMS BUT LESS THAN TEN GRAMS OF A CONTROLLED SUBSTANCE WITH INTENT TO SELL OR DISTRIBUTE AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, PROBATION, OR ANY REDUCTION OR SUSPENSION OF SENTENCE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**