737 So.2d 1038 (1999)
James Harold KINNEY a/k/a James Harold McKinney, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-CP-00569-COA.
Court of Appeals of Mississippi.
February 23, 1999.
*1039 James Harold Kinney, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
LEE, J., for the Court:
¶ 1. James Kinney appeals the denial of his motion for post-conviction relief. Aggrieved of this ruling, Kinney presents for our review and resolution two issues, which we quote verbatim from his brief:
I. WHETHER THE PLEA BARGAIN WAS BREACHED WHEN THE STATE DID NOT HOLD-UP TO ITS END OF THE BARGAIN AS PROMISED TO A FIVE (5) YEAR SENTENCE IN EXCHANGE FOR APPELLANT'S GUILTY PLEA AND WHETHER APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

*1040 II. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
¶ 2. We find that the circuit court correctly overruled Kinney's motion for post-conviction relief and therefore affirm.

FACTS
¶ 3. In May 1995, Kinney was indicted for the crime of murder. On June 26, 1995, Kinney plead guilty to the lesser-included-crime of manslaughter and was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. On March 2, 1998, Kinney filed a motion for post-conviction relief in the Circuit Court of Carroll County. The circuit court denied Kinney's motion, without a hearing, on March 6, 1998. Kinney appeals the dismissal.

ANALYSIS

I.
¶ 4. Kinney asserts that the district attorney of Carroll County offered him a plea bargain of five years; he and his defense counsel discussed this recommendation; he signed a plea petition agreeing to accept this recommendation; the trial court accepted the five-year recommendation and sentenced him to five years imprisonment. Kinney argues that he "learned when he received his M.D.O.C. time sheet from records that the five (5) year sentence he agreed on ... had mistakenly been changed to a twenty (20) year sentence without his knowledge." He asserts that the plea petition he signed and agreed to has been altered and has now disappeared from the Carroll County Clerk's Office. Kinney opines that the plea cannot stand because the plea petition must exist before a sentencing can be pronounced by the trial court.
¶ 5. Contrary to Kinney's assertion in his submitted brief, the plea petition clearly shows that the district attorney recommended twenty years. Also, the transcript of the plea colloquy directly refutes Kinney's assertion that the trial court sentenced him to five years.
¶ 6. Specifically, at the guilty plea hearing conducted on June 26, 1995, the circuit judge advised Kinney of his rights, and he acknowledged that he understood these rights by pleading guilty. The circuit judge also asked Kinney whether he understood that his attorney had discussed a possible plea recommendation with the district attorney's office, but that he did not have to accept that recommendation and he could instead impose any sentence allowed by law. Kinney acknowledged that he understood. The circuit judge then asked the State for its recommendation and the State responded:
The State: As to the lesser included offense, Your Honor, the State recommends a twenty year sentence with the Mississippi Department of Corrections.
Defense Counsel: That is our understanding.
By the Court: Is that your understanding?
Defense Counsel: Yes, sir.
By the Court: Is that your understanding, Mr. Kinney?
By Kinney: Yes.
By the Court: That will be the sentence of the Court. I sentence you to twenty (20) years, Mr. Kinney, with the Mississippi Department of Corrections.
The clear conflict between the claim for post-conviction relief and Kinney's sworn statement belies the allegations Kinney has made in his motion. In a situation similar to this the Mississippi Supreme Court stated "[w]hen we compare his previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a `sham.'" Smith v. State, 636 So.2d 1220, 1224 (Miss.1994) (citation omitted). The case sub judice is similar to Smith in that Kinney's pleadings *1041 are in direct conflict with the transcript from the guilty plea hearing. There is no merit to Kinney's first assignment of error.

II.
¶ 7. Kinney argues in his submitted brief that his court appointed counsel was ineffective for two reasons. First, he states that counsel failed to investigate the facts surrounding his charge and therefore improperly induced him into pleading guilty. Second, Kinney asserts that his defense counsel induced him to plead guilty by telling him that if he did not enter a plea at that time he would be sentenced under the new eighty-five percent law effective July 1, 1995.
¶ 8. In order to prevail on the issue of whether his defense counsel's performance was ineffective, Kinney must prove that his counsel's performance was deficient and that he was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Kinney must establish a prima facie case of ineffective assistance of counsel, in which he alleges with specificity and detail matters to show both that his counsel's performance was deficient, but also that the deficient performance prejudiced him. Cole v. State, 666 So.2d 767, 777 (Miss.1995). There is a strong but rebuttable presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Moody v. State, 644 So.2d 451, 456 (Miss.1994). Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.
In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.
Hill, 474 U.S. at 59, 106 S.Ct. 366, 88 L.Ed.2d 203. See also Leatherwood v. State, 539 So.2d 1378, 1381 (Miss.1989).
¶ 9. Kinney's claim fails on its face due to his neglect to delineate facts that, if proven, would show the likelihood of success at trial. There is no merit to Kinney's first assignment of ineffective assistance of counsel.
¶ 10. In Kinney's motion for post-conviction relief, which was a form motion, under his second assignment of error he merely asserted that he was "mislead, misinformed and misrepresented in this matter." Kinney did not allege with any specificity how defense counsel misinformed him. The circuit judge who received this form motion was not advised of the alleged misrepresentations. The post-conviction motion form which Kinney filled out is not sufficient to meet the requirements of the Mississippi Code Annotated § 99-39-9 (Rev.1994), for petitions for post-conviction relief. This section states, in pertinent part, that a motion under this section shall contain all of the following:
(d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.
(e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or *1042 records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.
Miss.Code Ann. § 99-39-9 (Rev.1994).
¶ 11. Kinney has not shown that his counsel's alleged representation that he should plead guilty before the eighty-five percent rule came into effect was deficient consistent with the standards of Strickland, much less that any such deficiency resulted in prejudice. Therefore, he did not meet the criteria of the Strickland test. We require a movant to allege with specificity and detail a post-conviction claim of ineffective assistance of counsel. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990). Failure to comply with Miss.Code Ann. § 99-39-9 is sufficient reason to deny a post-conviction claim of ineffective assistance of counsel. Smith v. State, 490 So.2d 860, 860 (Miss.1986). The circuit court was correct in overruling Kinney's post-conviction claim because Kinney's form motion did not meet the statutory requirement and allege with specificity any evidentiary support for his claims.
¶ 12. THE JUDGMENT OF THE CARROLL COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, IRVING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.