MAXWELL, J., for the Court:
¶ 1. Noble Ray Bell appeals the dismissal of his motion for post-conviction relief (PCR). He raises a variety of claims, but primarily challenges the revocation of his supervised probation based on his failure to register as a sex offender. Upon review, we find Bell freely and voluntarily admitted in open court that he had not registered as a sex offender. Thus, neither this, nor any of Bell’s other appellate arguments merit relief. We affirm.
Background
¶2. On September 23, 2009, Bell pled guilty to one count of sexual battery. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with thirteen years and ten months suspended and five years’ supervised probation. As a consequence of his guilty plea, Bell was required to register as a sex offender.
¶ 3. Shortly after his release from prison, Bell was indicted for (1) failing to register as a sex offender, (2) kidnapping, and (3) possessing a Schedule II controlled substance with the intent to distribute. The State filed a petition to revoke Bell’s probation and impose a suspended sentence. The court held a revocation hearing on April 1, 2011, at which Bell admitted he had failed to properly register as a *663 sex offender. The court revoked his suspended sentence and accepted the State’s recommendation to reinstate seven years of Bell’s original sentence. The court then nolle prossed the three charges against Bell.
¶ 4. On September 26, 2011, Bell filed a PCR motion. He alleged that his admission to the failure-to-register charge was involuntary, and that the court had imper-missibly relied upon several falsified documents when revoking his probation. Bell also raised several constitutional claims under the Fifth and Sixth Amendments. In summarily dismissing his motion, the circuit court found Bell had clearly understood the charges against him and had voluntarily and knowingly confessed the probation violation to avoid a separate criminal trial on the substantive charges. Bell appeals from this dismissal.
Discussion
¶ 5. Under Mississippi Code Annotated section 99-39-11(2) (Supp.2012), “a trial court may summarily dismiss a [motion] for PCR, without having held an evi-dentiary hearing, when it is clear that the [movant] is not entitled to relief under the [Uniform Post-Conviction Collateral Relief Act].” State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). When reviewing the denial or dismissal of a PCR motion, we will only disturb the circuit court’s factual findings if they are clearly erroneous. Beal v. State, 58 So.3d 709, 710 (¶ 2) (Miss.Ct.App.2011) (citing Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009)). We review the circuit court’s legal conclusions de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
¶ 6. In his PCR motion, Bell claimed: (1) the circuit court erred by entering two falsified documents into the record; (2) he received ineffective assistance of counsel; (3) his confession to the failure-to-register charge was involuntary; (4) his Fifth Amendment right to be free from double jeopardy was violated; and (5) his Sixth Amendment right to a speedy trial was violated.[1]
I. Falsified Documents
¶ 7. Bell first contends the circuit court erred by relying on two “falsified documents”—(1) the probation order and (2) the order of revocation and suspended sentence. He claims the probation order “appears to be a falsified document” because he had “no knowledge such order existed.” As to the order of revocation and suspended sentence, he insists this order must also be falsified because “under no circumstances whatsoever” would he have voluntarily confessed to the failure-to-register charge.
¶8. However, Bell offers no support for the claim other than his bare assertions in his brief. And we cannot decide issues “based on assertions from the briefs alone. The issues must be supported and proved by the record.” Pulphus v. State, 782 So.2d 1220, 1224 (¶ 15) (Miss.2001) (citing Robinson v. State, 662 So.2d 1100, 1104 (Miss.1995)). Even if we disregard these documents, the transcript from his revocation hearing belies his argument. It shows he voluntarily admitted to failing to register as a sex offender. So his revocation was proper, and we find no error on the circuit judge’s part in dismissing the PCR motion.
II. Ineffective Assistance of Counsel
¶ 9. Bell next suggests his attorney was deficient when representing him at the *664 revocation hearing. To prove ineffective assistance of counsel, Bell must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Bell to show both prongs. Willis v. State, 66 So.3d 740, 745 (¶21) (Miss.Ct.App.2011) (citing McQuarter v. State, 574 So.2d 685, 687 (Miss.1990)). “Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.” Id. (citing Strickland, 466 U.S. at 689, 104 S.Ct. 2052).
¶ 10. The movant must allege facts pointing toward counsel’s deficient performance with “specificity and detail.” Kinney v. State, 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App.1999) (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)). In PCR cases, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Brooks v. State, 89 So.3d 626, 628 (¶ 6) (Miss.Ct.App.2011) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 11. Bell did not provide the requisite affidavits or any other evidence in support of his ineffective-assistance claim. Instead, he offered only his own bare assertions, which are insufficient. “It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel.” Ealey v. State, 967 So.2d 685, 691 (¶ 18) (Miss.Ct.App.2007) (citing Gazzier v. State, 744 So.2d 776, 778-79 (¶ 6) (Miss.1999)). Thus, Bell has not shown his attorney’s performance was ineffective.
III. Bell’s Admission During His Revocation Hearing
¶ 12. While Bell argues the circuit court erred in accepting what he deems was an “involuntary plea/confession” on the failure-to-register charge, the transcript from the revocation hearing undermines his claim.
¶ 13. There were three potential violations for which Bell faced revocation. But the State narrowed its focus during the hearing and sought to revoke Bell’s supervised probation based solely on his failure to register as a sex offender. Other than this condition, the court inquired if “[everything else [was] off the table other than failure to register?” And the State acknowledged it was not pursuing the other alleged violations.
¶ 14. Bell was asked by the judge if he “confessed] that?” And Bell said, “Yes, sir.” Bell had conferred with his attorney and had no questions for the court. Bell also specifically acknowledged that his confession to the charge that he “failed to register as a sex offender” was free and voluntary. When asked if he knew he had “a prior conviction as a sex offender, and [was] required to register[,]” Bell responded, “Yes, sir.” Based upon Bell’s admissions, the circuit judge concluded Bell had violated the terms of his probation and ordered a portion of Bell’s sentence be reinstated.
¶ 15. Under Mississippi law, “[probation may be revoked upon a showing that the defendant ‘more likely than not’ violated the terms of probation.” Younger v. State, 749 So.2d 219, 222 (¶ 12) (Miss.Ct.App.1999) (citation omitted). And here, Bell readily admitted violating the terms of his probation by not registering as a sex offender. We find Bell’s admission more than sufficient to support revocation.
IY. Double Jeopardy
¶ 16. Bell also contends that the circuit judge’s revocation of his suspended *665 sentence subjected him to double jeopardy. While Bell did not raise a double-jeopardy claim in his PCR motion, our supreme court has recently held that the prohibition against double jeopardy is a “fundamental right” that is not subject to a procedural bar. See Roioland, v. State, 42 So.3d 503, 508 (¶ 14) (Miss.2010). So we will address this claim.
¶ 17. The Fifth Amendment to the United States Constitution and Article 3, Section 22 of the Mississippi Constitution provide that a person may not be prosecuted twice for the same offense. “The Double Jeopardy Clause ‘prevents a second prosecution for the same offense after acquittal, protects against a second prosecution for the same offense after conviction, and protects against multiple punishments for the same offense.’ ” Avery v. State, 102 So.3d 1178, 1181 (¶ 9) (Miss.Ct. App.2012) (quoting Ewing v. State, 34 So.3d 612, 616 (¶ 14) (Miss.Ct.App.2009)).
¶ 18. Under Mississippi Code Annotation section 47-7-34(2) (Rev.2011), the circuit judge was authorized to revoke Bell’s supervised probation and require him to finish serving his sentence in the custody of the MDOC. In construing section 47-7-34(2), we have held that double jeopardy is violated “[o]nly if the court attempts to administer a longer sentence than what was originally conferred upon the defendant....” Brunson v. State, 796 So.2d 284, 287 (¶ 14) (Miss.Ct.App.2001) (citing Johnson v. State, 753 So.2d 449, 455 (¶ 15) (Miss.Ct.App.1999)). Here, the circuit judge did not impose an additional sentence, nor did he lengthen Bell’s sentence. He simply revoked Bell’s supervised probation and enforced the originally imposed sentence, which he was certainly authorized to do under section 47-7-34(2).
V. Speedy Trial
¶ 19. Bell finally claims he was deprived of his federal and state rights to a speedy trial. Though we are unsure of the particular delay he complains of, we presume it relates to his 2009 sexual-battery charge. But Bell did not seek a trial on the sexual-battery charge— he pled guilty. And we have consistently observed that “ ‘a valid guilty plea operates as a waiver of all non-jurisdietional rights or defects which are incident to trial,’ including the constitutional right to a speedy trial.” Burch v. State, 929 So.2d 394, 396-97 (¶ 6) (Miss.Ct.App.2006) (quoting Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991)). We find that by entering a valid guilty plea, Bell waived his constitutional and statutory rights to a speedy trial.
¶ 20. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Bell presented a sixth issue on appeal entitled “Newly Discovered Evidence under [Mississippi Code Annotated section] 99-39-5(1)(E) [(Supp.2012)].” However, because he failed to raise this issue in his PCR motion, it is procedurally barred from our review. See Hamilton v. State, 44 So.3d 1060, 1065 (¶ 15) (Miss.Ct.App.2010).