# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01705-COA

**WILLIE WASH**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:               06/05/2015
TRIAL JUDGE:                    HON. ROBERT P. CHAMBERLIN
COURT FROM WHICH APPEALED:      DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         WILLIE WASH (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        MOTION FOR POST-CONVICTION RELIEF
                                DENIED
DISPOSITION:                    AFFIRMED - 05/02/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., BARNES AND FAIR, JJ.

### BARNES, J., FOR THE COURT:

¶1.     Willie Wash appeals the Circuit Court of DeSoto County's judgment denying his motion for post-conviction relief (PCR). Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In November 2013, Wash was indicted for one count of third-offense felony shoplifting, in violation of Mississippi Code Annotated section 97-23-93(6) (Rev. 2006), for stealing eight containers of Gain washing detergent and one pack of Bounty paper towels from a Walmart. Wash was charged as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015), as two of his numerous other prior felonies were

violent in nature.[1] On May 1, 2014, Wash pleaded guilty to the shoplifting as charged, and as a result, the State agreed to lower his habitual-offender status to section 99-19-81, thereby allowing Wash to receive the maximum term of imprisonment prescribed for the crime of shoplifing rather than life imprisonment. The court sentenced Wash to serve five years in the custody of the Mississippi Department of Corrections, and to pay a fine of $1,000.

¶3. On April 23, 2015, Wash filed a lengthy PCR motion claiming ineffective assistance of counsel, irregularities in his indictment, involuntary plea, vindictive prosecution, and other constitutional violations. More specifically, Wash argued that he never received a preliminary hearing and that one of his prior crimes was listed twice on the indictment. Attached to his motion were numerous letters written by Wash to his counsel from January through April 2014, as well as bar-complaint information.[2] In the letters, Wash complained about his counsel's assistance and the falsity of his indictment; he requested the "discovery package" for his case and a rule book. In May 12, 2015, Wash filed an amended PCR motion, making similar claims, but additionally arguing that the State breached the plea agreement in violation of the State and Federal Constitutions because he was promised eligibility for parole after serving fifty percent of his sentence.

¶4. On June 5, 2015, the circuit court denied Wash's motion, finding his claims without

---

[1] The majority of Wash's 545-page record on appeal is a pen-pack and other documentation of his prior criminal history for shoplifting, burglary, and other crimes, starting as early as 1972, and mostly occurring in the Memphis, Tennessee area. His two violent felonies were aggravated assault with a deadly weapon in 2001.

[2] However, Wash never pursued an ethical complaint with the Mississippi Bar alleging violation of the Rules of Professional Conduct.

merit. Nearly five months later, on November 9, 2015, Wash appealed the denial. The next day, the circuit court issued an order granting leave for Wash to proceed on appeal in forma pauperis, and this Court subsequently permitted Wash's out-of-time appeal.[3]

## STANDARD OF REVIEW

¶5.     When reviewing a circuit court's denial of a PCR motion, the appellate court will only disturb the circuit court's factual findings if they are clearly erroneous. Matters of law are reviewed de novo. *Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009) (citations omitted).

## ANALYSIS

¶6.     Wash makes several assertions in his lengthy brief before this Court, but they all relate to ineffective assistance of counsel. To succeed on this claim, the defendant must show that his trial counsel's performance was deficient, and he was prejudiced by that deficiency. *McCollum v. State*, 81 So. 3d 1191, 1192-93 (¶8) (Miss. Ct. App. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In the context of a guilty plea, the defendant must show that his "counsel's errors proximately resulted in the guilty plea and, but for counsel's

---

[3] The circuit court noted in its November 10 order that while the order denying Wash's PCR motion had been mailed to Wash on June 5, 2015, Wash apparently did not receive it in a timely manner, because on October 12, 2015, Wash filed a petition for a writ of mandamus requesting the circuit court rule on his PCR motion. Accordingly, on the same day the circuit court received Wash's petition for a writ of mandamus, the court mailed another copy of the June 5 order to Wash, and on November 9, 2015, the court received Wash's notice of appeal, dated November 3, 2015. On February 9, 2016, this Court granted Wash an out-of-time appeal for good cause.

While the rules on the trial court extending the time to file a notice of appeal under Mississippi Rule of Appellate Procedure 4(g) are very strict, the comment to Rule 4(g) states the court may suspend Rule 4 to permit out-of-time appeals in criminal cases. Post-conviction-relief proceedings are governed by this rule. M.R.A.P. 4(g) cmt.

error, the defendant would not have entered the guilty plea." *Id.* at 1193 (¶8) (quoting *Deloach v. State*, 937 So. 2d 1010, 1011 (¶5) (Miss. Ct. App. 2006)). The defendant "must show unprofessional errors of substantial gravity," and allege such facts with "specificity and detail." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006) (citation omitted); *Kinney v. State*, 737 So. 2d 1038, 1041 (¶8) (Miss. Ct. App. 2006) (citation omitted). However, there is a strong rebuttable presumption that counsel's conduct falls "within the wide range of reasonable professional assistance." *Kinney*, 737 So. 2d at 1041 (¶8) (citation omitted).

¶7. Wash fails to prove ineffective assistance. He claims his counsel failed to conduct an investigation of his case and any possible defenses. However, for claims of failure to investigate, "the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome." *Madden v. State*, 991 So. 2d 1231, 1238 (¶31) (Miss. Ct. App. 2008) (citation omitted). Wash vaguely comments about a plausible defense related to a warrant in Shelby County, but he fails to explain how the warrant relates to his defense, or how it would alter his case's outcome.

¶8. Additionally, Wash claims his counsel should have objected to defects in his indictment; specifically, he should have "challenged" two prior violent convictions from Tennessee that enhanced his sentence. However, Wash admitted to all of his prior crimes, including these two, in his plea colloquy. Moreover, "a guilty plea waives any claim to a defective indictment." *Phillips v. State*, 25 So. 3d 404, 407 (¶6) (Miss. Ct. App. 2010) (quoting *Harris v. State*, 757 So. 2d 195, 197 (¶9) (Miss. 2000)). We find no merit to this contention.

4

¶9.     Wash also contends his counsel was ignorant of the law, and used intimidation and scare tactics. As a result, Wash states he was forced to enter a plea agreement and accept a five-year sentence. However, Wash provides no proof of these allegations except his own bare assertions in his brief, which are contradicted by the record. The reviewing court cannot decide issues "based on assertions from the briefs alone. The issues must be supported and proved by the record." *Bell v. State*, 117 So. 3d 661, 663 (¶8) (Miss. Ct. App. 2013) (quoting *Pulphus v. State*, 782 So. 2d 1220, 1224 (¶15) (Miss. 2001)). The plea-hearing transcript indicates Wash's counsel had adequate time to prepare and investigate the case. During his plea colloquy, Wash represented that he had no disagreements with the State's proof, agreed that his counsel explained his potential sentence, and stated he had not been threatened or coerced into pleading guilty. He also claimed to be satisfied with his counsel's advice and representation. Wash signed a plea agreement to the same effect, stating his counsel was competent.

¶10.    Wash fails to prove that his counsel's performance was deficient. Accordingly, this issue is without merit. We affirm the circuit court's denial of his PCR motion.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**