# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00654-COA

**WALTER CARRUTHERS A/K/A WALTER "COOKIE" CARRUTHERS**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT: 05/13/2021
TRIAL JUDGE: HON. KENT E. SMITH
COURT FROM WHICH APPEALED: UNION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: OFFICE OF STATE PUBLIC DEFENDER
BY: W. DANIEL HINCHCLIFF
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: ALLISON ELIZABETH HORNE
DISTRICT ATTORNEY: BENJAMIN F. CREEKMORE
NATURE OF THE CASE: CRIMINAL - FELONY
DISPOSITION: AFFIRMED - 10/11/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.**

**WILSON, P.J., FOR THE COURT**:

¶1. Walter "Cookie" Carruthers was convicted and sentenced as a habitual offender for trafficking methamphetamine as a subsequent drug offender while in possession of a firearm and within 1,500 feet of a church (Count I) and possession of a firearm by a felon (Count II). On appeal, Carruthers argues that his trial counsel committed numerous errors and provided constitutionally ineffective assistance. However, Carruthers fails to show that his attorney "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" or that the alleged "errors were so serious as to deprive

[Carruthers] of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Therefore, Carruthers's ineffective assistance claim fails, and we affirm his convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2. On July 9, 2018, after receiving complaints about drug activity at Carruthers's home, Investigator Kevin Johnson of the New Albany Police Department sent a confidential informant (CI) to buy drugs from Carruthers. Using a hidden surveillance camera, the CI recorded Carruthers cutting, weighing, and selling methamphetamine. The video also showed a pistol nearby on Carruthers's bed.

¶3. About three weeks later, Carruthers posted a Facebook video of himself in the same room in which he had sold methamphetamine to the CI. In the video, Carruthers was holding a long gun and said that he had "things for sale."

¶4. About two months later, a suspect in a home burglary, Dorian Robertson, told police that Carruthers had traded him methamphetamine for property taken in the burglary. On October 1, 2018, the police obtained a search warrant for Carruthers's home, which they executed the same day.

¶5. During the search, the police found the long gun that Carruthers had held in the Facebook video. They also found scales and other drug paraphernalia in Carruthers's bedroom and approximately fifty grams of methamphetamine under Carruthers's bed. Carruthers and the two other men in the home, Clay Potts and Reggie Boles, were arrested and placed in Johnson's patrol car. Johnson saw Boles take methamphetamine out of his

2

pocket and attempt to hide it in the backseat of the patrol car.

¶6. Carruthers was indicted for trafficking methamphetamine—i.e., possession of thirty grams or more of methamphetamine with the intent to distribute—as a subsequent drug offender while in possession of a firearm and within 1,500 feet of a church (Count I). He was also indicted for possession of a firearm by a felon (Count II) and as a habitual offender.

¶7. At trial, Potts testified that there was "no dope" in Carruthers's home prior to Boles's arrival at the house around lunchtime. Potts claimed that Boles had brought the drugs with him. Potts also testified that he went to Carruthers's home that morning to get methamphetamine and that people knew that you could get drugs at Carruthers's home.

¶8. Carruthers testified that the long gun found in his home belonged to his uncle. He also denied that the methamphetamine found under his bed belonged to him. Carruthers testified that when the search warrant was executed, he was in the bathroom, and Boles was in the bedroom where the methamphetamine was found. Carruthers claimed that there "wasn't no dope in the house until [Boles] made it to the house."

¶9. The jury found Carruthers guilty on both counts, and the court sentenced him to serve concurrent terms of 160 years and 10 years in the custody of the Department of Corrections. Carruthers filed a motion for judgment notwithstanding the verdict or a new trial, which was denied, and a notice of appeal. On appeal, Carruthers argues that a series of errors by his trial attorney deprived him of the effective assistance of counsel and a fair trial.

**ANALYSIS**

¶10. A defendant's constitutional "right to counsel is the right to the effective assistance

3

of counsel." *Strickland*, 466 U.S. at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). "Generally, ineffective-assistance-of-counsel claims are more appropriately brought during post-conviction proceedings." *Ross v. State*, 288 So. 3d 317, 324 (¶29) (Miss. 2020) (brackets omitted) (quoting *Bell v. State*, 202 So. 3d 1239, 1242 (¶12) (Miss. 2016)). However, "[t]his Court will address such claims on direct appeal when [1] the record affirmatively shows ineffectiveness of constitutional dimensions, or [2] the parties stipulate that the record is adequate and the Court determines that the findings of fact by a trial judge able to consider the demeanor of witnesses, etc., are not needed." *Id.* (quotation marks and other brackets omitted). In addition, we may address such "claims on direct appeal when the record affirmatively shows that the claims are without merit." *Id.*

¶11.    To prevail on a claim of ineffective assistance, Carruthers must show *both* (1) "that counsel's performance was deficient"—i.e., "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—*and* (2) that he was prejudiced as a result—i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Carruthers "bears the burden of proving both prongs of *Strickland*." *Ravencraft v. State*, 989 So. 2d 437, 443 (¶31) (Miss. Ct. App. 2008). "If either prong is not met, the claim fails." *Havard v. State*, 928 So. 2d 771, 781 (¶8) (Miss. 2006).

¶12.    "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, "the defendant must overcome the presumption that, under the circumstances, the challenged

4

action might be considered sound trial strategy." *Id.* (quotation marks omitted). With these principles in mind, we address Carruthers's various allegations of errors by his trial counsel.

## I. Failures to Object

¶13. In general, "the failure of counsel to make certain objections may fall within the ambit of trial strategy, and therefore may not give rise to a claim for ineffective assistance of counsel." *Morrow v. State*, 275 So. 3d 77, 84 (¶25) (Miss. 2019) (brackets and footnote omitted). In addition, as with any claim of ineffective assistance, the defendant must show that counsel's failure to object prejudiced him and deprived him of a fair trial. *Id.* at 83-84 (¶¶24-28).

### A. Leading Questions

¶14. Carruthers alleges that his trial counsel's failure to object to several leading questions, including questions about drug activity in the area, constituted ineffective assistance. However, the few questions that Carruthers mentions were only used to explain the course of the police investigation and were not unduly prejudicial. Carruthers has not rebutted the presumption that the lack of an objection was trial strategy, nor has he shown that he was prejudiced as a result. *See Duck v. State*, 225 So. 3d 1, 5-6 (¶¶13-16) (Miss. Ct. App. 2017) (concluding that the lack of an objection to leading questions was trial strategy and that the defendant suffered no prejudice as a result).

### B. Hearsay

¶15. Carruthers next alleges that trial counsel failed to object to hearsay on two occasions. First, he argues that Johnson's testimony about the search of his home was hearsay because

Johnson never testified that he entered the home. Carruthers is simply wrong about this. Johnson clearly testified that he entered the house and helped execute the search warrant. Johnson testified that he personally observed the gun from the Facebook video and drug paraphernalia and recovered approximately fifty grams of methamphetamine from Carruthers's bedroom. This testimony was not hearsay. The "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.1994).

¶16. Second, Carruthers alleges that Johnson was allowed to give hearsay testimony about Dorian Robertson's tip that he had traded stolen property to Carruthers. However, this testimony was not hearsay either. "Statements do not constitute hearsay when admitted to explain an officer's course of investigation or motivation for the next investigatory step by that officer." *Eubanks v. State*, 291 So. 3d 309, 322-23 (¶51) (Miss. 2020) (quoting *Smith v. State*, 258 So. 3d 292, 309 (¶52) (Miss. Ct. App. 2018)). Johnson's testimony regarding Robertson's tip was not offered for the truth of the matter asserted but rather to explain why and how the police obtained a search warrant for Carruthers's home. Accordingly, a hearsay objection likely would have been overruled. *See* M.R.E. 801(c). Thus, the failure to object cannot be deemed ineffective assistance or regarded as prejudicial to Carruthers.

### C. Drug Sale Photographs

¶17. Carruthers argues that his attorney should have objected to the admission of certain still photographs from the surveillance video of the uncharged July 9, 2018 drug sale to the CI. Carruthers claims that those photos "were admitted without predicate." Carruthers

6

acknowledges that the trial court specifically stated, "Let the record reflect that [defense counsel] on behalf of Mr. Carruthers previously asserted objections to those photographs." But Carruthers states that "[t]he record is opaque as to a previous ruling."[1]

¶18.   The Supreme Court and this Court have held that an officer who monitors a drug transaction involving a CI can provide testimony sufficient to authenticate audio or video surveillance of the transaction. *White v. State*, 742 So. 2d 1126, 1132-33 (¶¶20-21) (Miss. 1999); *Crutcher v. State*, 68 So. 3d 724, 730-33 (¶¶10-14) (Miss. Ct. App. 2011).  Although it is not clear from the record whether Johnson had access to real-time surveillance video of the transaction, he testified that he always monitors the audio of a CI in real time.  Johnson or another officer involved in the sale could have authenticated the still photos had there been an objection to them.  Accordingly, Carruthers cannot show that the failure to object to the photos amounts to constitutionally ineffective assistance of counsel.

### D.   Facebook Video

¶19.   Carruthers also complains that his attorney did not object to the authenticity of the Facebook video or Johnson's "narration" of it during his testimony.  However, Johnson testified that he recognized Carruthers in the video and that the video admitted at trial was the same one he had seen on Facebook.  This testimony was sufficient to authenticate the video. *Jordan v. State*, 212 So. 3d 836, 845 (¶38) (Miss. Ct. App. 2015), *aff'd by an equally divided court*, 212 So. 3d 817 (Miss. 2016).  Any authenticity objection would have been

---

[1] The previous objection noted by the trial court may have been a reference to the court's pretrial order granting the State's motion to admit evidence of the July 9 transaction and prior drug convictions pursuant to Mississippi Rule of Evidence 404(b).

futile, and "[c]ounsel is not charged with making futile objections." *Walker v. State*, 863 So. 2d 1, 19 (¶52) (Miss. 2003); *see also Edwards v. State*, 615 So. 2d 590, 597 (Miss. 1993) (holding that trial counsel "was not constitutionally ineffective for failing to object to" certain evidence because, based on the applicable law, trial counsel "could have reasonably expected any objection to be futile").

¶20. Regarding Johnson's "narration" of the video, "[i]t is permissible for a witness to narrate video evidence when the narration simply describes what is occurring in the video, but it is impermissible if the witness attempts to place his own subjective interpretation of events transpiring in the video based on nothing beyond the witness's own inspection of the contents of the videotape." *Gales v. State*, 153 So. 3d 632, 645 (¶41) (Miss. 2014) (quotation marks omitted). Here, Johnson simply described what was occurring in the video, which was played at trial and admitted into evidence. Such testimony is permissible. *Id.* Accordingly, counsel did not provide ineffective assistance by not objecting to it.

### E. Evidence of Criminal Activity in the Vicinity

¶21. Carruthers argues that his trial counsel should have objected to references to other bad acts, including evidence of drug use and prostitution in the vicinity of Carruthers's home and the presence of "lookouts watching for the police." Carruthers argues that such evidence should have been objected to and excluded under Mississippi Rules of Evidence 401, 402, 403, and 404(b).

¶22. The testimony at issue was relevant because it described surveillance that the police conducted on Carruthers's residence between the sale to the CI on July 9, 2018, and the

search of the residence on October 1, 2018. Among other things, the testimony helped to explain why the police executed the search warrant without first knocking on Carruthers's door. Moreover, the testimony was not unduly prejudicial to Carruthers. Indeed, it was consistent with defense counsel's theory of the case, which she set out in her opening statement, that "[l]aw enforcement really just hate[d] Mr. Carruthers" and were out to get him for no apparent reason. In her opening statement, defense counsel emphasized that the police had done "months of surveillance" on Carruthers's residence, but the surveillance did not produce evidence sufficient for even a search warrant. It is apparent that defense counsel made a strategic decision to use this evidence rather than seek to exclude it. We cannot say that this decision falls outside "the wide range of reasonable professional assistance" or what "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.[2]

### F. Non-Expert Testimony

¶23. Carruthers argues that Johnson was not an "expert" and should not have been allowed to testify that the substance found under Carruthers's bed was methamphetamine. Carruthers argues that his lawyer's failure to object to Johnson's testimony was ineffective assistance. This argument is without merit. Alicia Waldrop, a forensic scientist at the Tupelo Crime Lab specializing in drug analysis, testified without objection as an expert witness. She testified that the substance was methamphetamine based on multiple tests she conducted. The State had disclosed Waldrop's report to the defense prior to trial. It would have been pointless for

---

[2] Rule 404(b) does not apply to this evidence. Carruthers did not commit the other crimes or acts at issue, and the evidence clearly was not offered to prove the "character" of any person or "to show that on a particular occasion the person acted in accordance with the character." M.R.E. 404(b).

9

defense counsel to object to Johnson's testimony knowing that Waldrop would confirm that the substance was methamphetamine. Counsel's decision not to assert a pointless objection is not ineffective assistance.

### G. References to "Trafficking"

¶24. Carruthers claims that in its opening statement, "[t]he prosecution improperly inflamed the jury by categorizing the case as a trafficking case." He argues that he was not indicted for "trafficking" and that the statutory provision regarding trafficking is just "a sentencing provision." He further argues that his trial counsel provided ineffective assistance by not objecting to the prosecution's references to trafficking.

¶25. Carruthers is incorrect. Trafficking is a crime, and he was indicted for it. Possession of thirty or more grams of a Schedule I or II substance (except for marijuana and synthetic cannabinoids) with the intent to distribute is "trafficking." Miss. Code Ann. § 41-29-139(f)(2)(A) (Rev. 2018). Carruthers's indictment clearly stated that he was indicted for "Trafficking" in violation of section 41-29-139(f)(2)(A). The prosecution's references to the name of the crime were not improper or objectionable, and defense counsel did not provide ineffective assistance by not objecting.

### H. Improper "Vouching"

¶26. Next, Carruthers alleges that his lawyer should have objected when Investigator Jeff Chism inappropriately "vouched" for Dorian Robertson by testifying that he had found Robertson to be a credible and truthful source of information. However, even assuming that an objection to Chism's testimony would have been sustained, we cannot say that the failure

10

to object constituted ineffective assistance. As stated above, we start with a presumption that a non-objection is "within the ambit of trial strategy." *Morrow*, 275 So. 3d at 84 (¶¶24-25). And even assuming that it was not trial strategy, Chism's brief testimony that Robertson was a credible source was not so prejudicial as to deprive Carruthers of a fair trial.

### I. Chief Robertson's Testimony

¶27. Carruthers complains that his trial counsel did not object to irrelevant testimony from New Albany Police Chief Chris Robertson. Carruthers argues that Robertson gave "virtually a campaign speech[] on what a good law enforcement officer he was[] and how concerned he was for the community." We agree that parts of Chief Robertson's testimony were irrelevant and that counsel could have objected. But there is "no constitutional rule that counsel must make . . . every possible objection." *Charles v. Thaler*, 629 F.3d 494, 502 (5th Cir. 2011). Counsel reasonably could have concluded that Robertson's irrelevant testimony was not prejudicial because it did nothing to prove the State's case against Carruthers. Therefore, counsel's decision not to object to it was "within the ambit of trial strategy." *Morrow*, 275 So. 3d at 84 (¶¶24-25).

### J. Closing Argument

¶28. Finally, Carruthers alleges that his lawyer failed to object to a "send a message" argument during the State's closing statement. The Mississippi Supreme Court has repeatedly condemned "send a message" arguments. *E.g.*, *Payton v. State*, 785 So. 2d 267, 270 (¶11) (Miss. 1999); *Williams v. State*, 522 So. 2d 201, 209 (Miss. 1988). In *Williams*, the Supreme Court explained that

11

> [e]ach juror is to apply the law to the evidence and vote accordingly. The issue which each juror must resolve is not whether or not he or she wishes to "send a message" but whether or not he or she believes that the evidence showed the defendant to be guilty of the crime charged. The jury is an arm of the State but it is not an arm of the prosecution. The State includes both the prosecution and the accused. The function of the jury is to weigh the evidence and determine the facts. When the prosecution wishes to send a message they should employ Western Union. Mississippi jurors are not messenger boys.

*Williams*, 522 So.2d at 209. In *Payton*, the Supreme Court held that the district attorney committed reversible error when he argued in his closing: "Send a message to these older, more mature, criminals, 'We are not going to let you ruin young people's lives like you have ruined these three people's lives, and all these lives you endangered in the process.'" *Payton*, 785 So. 2d at 270 (¶9).

¶29. In this case, the prosecution argued in closing,

> *What we're talking about is not a victimless type situation. You've seen what happens to an entire neighborhood with this kind of activity going on. This is not a joke. This is serious business. We all have a job to do.* The State has done its job. It's proven its case. Read the instructions. Your job is to determine the facts; and if those facts turn out to be all the elements of that crime, find him guilty of each and every count, each and every enhancement. The judge determines anything else. It's your job now.

(Emphasis added). Carruthers argues that the remarks in italics were an improper "send the message" argument and that his attorney should have objected.

¶30. We disagree. In context, "[t]he [prosecution] did not ask the jurors to 'send a message' to anyone" but only emphasized "their obligation to render a verdict based on the evidence presented." *McCarty v. State*, 262 So. 3d 553, 559 (¶20) (Miss. Ct. App. 2018). Since the prosecution's argument was proper, defense counsel did not provide ineffective assistance by not objecting to it.

## II.     Failure to Investigate

¶31.    Carruthers also asserts that his counsel "failed to investigate the facts." Specifically, he argues that after Potts testified that there were no drugs in Carruthers's home, Investigator Johnson testified in rebuttal that Boles attempted to hide drugs in the backseat of the patrol car. Carruthers says that this "exploded and destroyed" defense counsel's "theory of the case" "for want of an investigation."

¶32.    "[C]ounsel has a duty to interview potential witnesses and to make independent investigation of the facts and circumstances of the case." *Ferguson v. State*, 507 So. 2d 94, 96 (Miss. 1987) (emphasis omitted) (quoting *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)). But a defendant claiming ineffective assistance of counsel based on an alleged failure to investigate "must state with particularity what the investigation would have revealed and how it would have altered the outcome." *Wash v. State*, 218 So. 3d 764, 767 (¶7) (Miss. Ct. App. 2017) (quoting *Madden v. State*, 991 So. 2d 1231, 1238 (¶31) (Miss. Ct. App. 2008)). Here, Carruthers fails to show that trial counsel failed to investigate the facts of the case and also fails to show how any additional investigation "would have altered the outcome." *Id.*

¶33.    Carruthers's argument on appeal seems to misunderstand the testimony at trial. Potts testified that he went to Carruthers's house on the morning of the search because he wanted to get high, but Carruthers did not have any methamphetamine. Potts testified that Boles arrived around lunchtime and brought methamphetamine with him, and the police raided the house shortly thereafter. Carruthers's testimony was substantially similar. This was a

13

reasonable theory of the defense—that the drugs belonged to Boles. Johnson's rebuttal testimony that Boles had drugs with him in the patrol car did not necessarily "explode[]" or "destroy[]" the theory that the drugs found in the house also belonged to Boles. Moreover, Carruthers does not identify any more persuasive defense theory that trial counsel could have pursued. Carruthers was convicted because of the evidence against him, not because of any alleged shortcomings in trial counsel's investigation.

### III.    Failure to Stipulate

¶34.    Lastly, Carruthers claims that his trial counsel provided ineffective assistance by not seeking to stipulate that Carruthers had a prior felony conviction for purposes of Count II of the indictment, unlawful possession of a firearm by a felon. Carruthers alleges that defense counsel, "seemingly without out concern permitted the State to introduce tow [sic] prior felony convictions." Carruthers is wrong for two reasons.

¶35.    First, Carruthers's trial counsel filed a motion in limine to exclude the prior convictions, arguing that they were not admissible under either Rule 404(b) or Rule 609 of the Rules of Evidence and that the danger of unfair prejudice substantially outweighed their probative value. The trial judge denied that motion and granted the State's motion to admit the prior convictions under Rule 404(b). When the convictions were offered at trial, counsel reiterated her objections, which were again overruled. The convictions were admitted based on the trial judge's ruling, not because of any lapse by trial counsel.

¶36.    Second, Carruthers seems to misunderstand the reason why his prior convictions were offered and admitted. The State introduced Carruthers's prior convictions for selling cocaine

14

and selling marijuana as evidence of his intent to distribute. Although Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such "evidence may be admissible for another purpose, such as proving . . . intent . . . ." M.R.E. 404(b)(1)-(2). Applying this rule, the Mississippi Supreme Court has held repeatedly that evidence of prior drug sales and convictions for distributing a controlled substance are admissible to prove intent to distribute when, as in this case, the defendant is charged with possessing a controlled substance with intent to distribute.[3] Under Rule 404(b), the State was entitled to prove the nature of Carruthers's prior convictions as substantive evidence of intent, and Carruthers could not avoid the evidence by offering to stipulate to an unspecified felony conviction. *Anderson v. State*, 195 So. 3d 835, 840 (¶¶13-16) (Miss. Ct. App. 2016) (holding that trial counsel's failure to stipulate to a prior conviction was not ineffective assistance because the defendant's prior conviction was admissible to prove intent to distribute and therefore any offer to stipulate would have been "futile").

¶37.    In summary, trial counsel provided effective assistance by filing a motion in limine to exclude Carruthers's prior convictions. The trial judge denied the motion based on settled precedent, not because of any error by counsel. In addition, because Carruthers's prior convictions were admissible to prove intent, it would have been futile for counsel to pursue

---

[3] *See, e.g.*, *Fairley v. State*, 275 So. 3d 1012, 1018 (¶29) (Miss. 2019); *Palmer v. State*, 939 So. 2d 792, 795 (¶9) (Miss. 2006); *Swington v. State*, 742 So. 2d 1106, 1110-11 (¶¶10-13) (Miss. 1999); *Holland v. State*, 656 So. 2d 1192, 1196 (Miss. 1995). Such evidence must be filtered through Rule 403, and the defendant is entitled to an appropriate limiting instruction. *See, e.g.*, *Swington*, 742 So. 2d at 1112 (¶15). In this case, the trial judge applied Rule 403 and gave an appropriate limiting instruction.

a stipulation.

## CONCLUSION

¶38.    Carruthers received effective assistance of counsel at trial and a fair trial.

¶39.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**