# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00440-COA

**JEFFERY EMIL RAMSEY A/K/A JEFFERY RAMSEY A/K/A JEFFREY RAMSEY A/K/A JEFFERY EMILE RAMSEY A/K/A JEFFREY EMILE RAMSEY JR.**                                                     APPELLANT

v.

**STATE OF MISSISSIPPI**                                                     APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/29/2023 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JEFFERY EMIL RAMSEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/26/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., LAWRENCE AND McCARTY, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Jeffery Ramsey appeals the Harrison County Circuit Court's denial of his motion for post-conviction relief (PCR). Ramsey argues his guilty plea was involuntary and that his counsel was ineffective. Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In January 2021, Ramsey pleaded guilty to felony driving under the influence (DUI) as a habitual offender. The charge stemmed from an incident in the early morning hours of October 5, 2019, in D'Iberville, Mississippi, where law enforcement pulled Ramsey over for

speeding and driving erratically. The officer noticed Ramsey's speech was slurred, and his breath emitted a strong smell of alcohol. Also, Ramsey was unsteady on his feet, and a bottle of peach-flavored alcohol was in the center console of the vehicle. When the officer asked where he had been, Ramsey did not know but stated he was on his way home. At the police station, Ramsey refused an Intoxilyzer breath test; so a search warrant was issued for a blood test. At the hospital, after the blood test, Ramsey tried to flee and was taken to the Harrison County jail. Ramsey's blood test showed his blood-alcohol level was .241 percent, well over the legal limit.

¶3. In June 2020, Ramsey was indicted on two counts of felony DUI as a nonviolent habitual offender. *See* Miss. Code Ann. § 99-19-81 (Rev. 2020). The first count was for driving under the influence of intoxicating liquor as a fourth or subsequent offense (Miss. Code Ann. § 63-11-30(1)(a) & (2)(d) (Supp. 2017)); the second count was for driving with a blood-alcohol content of .08% or more as a fourth or subsequent offense (Miss. Code Ann. § 63-11-30(1)(d) & (2)(d)). The indictment also listed the details of four prior convictions for felony DUI dating back to 2014 to support his habitual offender status.

¶4. On January 20, 2021, Ramsey pleaded guilty to Count II as a habitual offender, while Count I was passed to the file. The trial court sentenced Ramsey to serve ten years in the custody of the Mississippi Department of Corrections as a nonviolent habitual offender. Ramsey filed a twelve-page PCR motion in October 2021, which the trial court denied. Ramsey appealed.

**STANDARD OF REVIEW**

2

¶5. When reviewing the denial or dismissal of a PCR motion, the appellate court will only disturb the trial court's factual findings if they are clearly erroneous; however, the trial court's legal conclusions are reviewed de novo. *Hall v. State*, 370 So. 3d 214, 216 (¶6) (Miss. Ct. App. 2023) (quoting *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020)).

**ANALYSIS**

### I. Guilty Plea

¶6. Ramsey argues that his guilty plea was involuntary because the State failed to establish a factual basis to support his nonviolent habitual-offender status. Further, Ramsey alleges discussions between his counsel and the prosecutor prior to his plea were "misleading and coercive," resulting in an involuntary plea.

¶7. A guilty plea is valid if it is voluntarily and intelligently made by the defendant before the trial court. *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Id.* (citing *Harris v. State*, 806 So. 2d 1127, 1130 (¶9) (Miss. 2002)). The defendant "bears the burden of proving by a preponderance of [the] evidence that the guilty plea was involuntary." *Roby v. State*, 282 So. 3d 477, 481 (¶10) (Miss. Ct. App. 2019). "[T]rial courts may place great emphasis upon declarations made under oath by a petitioner for post-conviction relief in open court during the taking of guilty pleas and sentencing." *Townsend v. State*, 344 So. 3d 858, 862 (¶11) (Miss. Ct. App. 2022). "[S]olemn

3

declarations in open court carry a strong presumption of verity." *Id.* Finally, it is well established "that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Swindoll v. State*, 859 So. 2d 1063, 1065 (¶6) (Miss. Ct. App. 2003) (quoting *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991)). Included in these rights are "those secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." *Id.*

¶8.     Ramsey contends that the State failed to establish a factual basis for his habitual-offender status. During the plea hearing, Ramsey claims the State did not mention that he was pleading guilty as a habitual offender—that only the trial court did—and the trial court "cannot perform this mandatory duty for the [S]tate." Further, Ramsey complains that the State failed to recite any prior felony convictions and alleges there was no indication at the plea hearing that Ramsey knew he was pleading guilty as a habitual offender.

¶9.     To establish a factual basis for a guilty plea, the trial court must have before it "substantial evidence that the accused did commit the legally defined offense to which he is offering the plea." *Burrough*, 9 So. 3d at 373 (¶14) (quoting *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991)). A factual basis may be established in a variety of ways, including "a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Timmons v. State*, 176 So. 3d 168, 172 (¶13) (Miss. Ct. App. 2015) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013)). Additionally, "if sufficiently specific, an indictment or information can be used as

the sole source of the factual basis for a guilty plea." *Id.*

¶10.   The plea hearing transcript shows the trial court and defense counsel stated numerous times that Ramsey would be pleading guilty to felony DUI as a nonviolent habitual offender due to his four prior felonies, and the transcript shows Ramsey understood.  While no specific prior felonies were cited at the plea hearing to support his habitual offender status, it was not necessary.  Ramsey's indictment stated that he was charged as a habitual offender and listed the pertinent details of his four prior felony convictions, which was sufficient. Nor was it necessary for the prosecutor alone to establish the habitual-offender status, as Ramsey contends.  The factual basis for his guilty plea could be established in other ways. While the prosecutor did not offer any proof of his habitual-offender status at the plea hearing, the indictment, defense counsel's representations to the trial court, and Ramsey's own admission were more than sufficient to establish the habitual-offender factual basis for his guilty plea.  Furthermore, the trial court explained to Ramsey that given this status, his sentence would be served day-for-day.  Ramsey stated that he understood the charges, the sentence, and his status as a habitual offender.

¶11.   Additionally, Ramsey now claims "misleading and coercive" tactics by the prosecutor and his defense counsel prior to his guilty plea.  Yet during the plea hearing, he denied "any threats, coercion, intimidation, . . . [or] duress to induce [him] into pleading guilty."  In his brief, Ramsey offers no further specifics regarding his contentions or support thereof.  Thus, he fails to meet his burden of proof for an involuntary plea.

¶12.   Ramsey's guilty plea was voluntarily and intelligently made.  A factual basis for his

guilty plea was properly established. The trial court advised Ramsey of his rights, the nature of the charges against him, and the consequences of his plea. Ramsey stated he understood. This issue is without merit.

## II.    Ineffective Assistance of Counsel

¶13.    Ramsey also claims that he was "denied his right to effective assistance of counsel." While Ramsey cites appropriate law on this claim in his brief, his argument does not relate to ineffective counsel; rather, Ramsey argues "the trial court was prejudiced" against him and "failed to consider the relevant evidence other than what record the trial court had concoc[ted] at the time of the guilty plea." However, a portion of Ramsey's guilty-plea argument, as stated above, is that his counsel colluded with the prosecution, coercing him to make an open guilty plea. Accordingly, we shall address the ineffective-assistance claim as it relates to his guilty plea.

¶14.    To succeed on an ineffective-assistance-of-counsel claim, the defendant must prove that "counsel's performance was deficient" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lovett v. State*, 270 So. 3d 133, 135 (¶5) (Miss. Ct. App. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984)). A voluntary guilty plea, however, waives claims of ineffective assistance of counsel unless the claim relates to the voluntariness of the plea. *Townsend*, 344 So. 3d at 862 (¶10). Thus, in the context of a guilty plea, the defendant "must demonstrate that his counsel's conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea." *Id.*

6

Additionally, "[t]he defendant 'must show unprofessional errors of substantial gravity,' and allege such facts with 'specificity and detail.'" *Wash v. State*, 218 So. 3d 764, 766-67 (¶6) (Miss. Ct. App. 2017). "[T]here is a strong rebuttable presumption that counsel's conduct falls 'within a wide range of reasonable professional assistance.'" *Id.* (quoting *Kinney v. State*, 737 So. 2d 1038, 1041 (¶8) (Miss. Ct. App. 1999)).

¶15.    Ramsey's PCR motion goes into more detail about his ineffective counsel claims. Ramsey contended that he was "forced and coerced under duress," as well as "lied to and misled" by his plea counsel. Further, Ramsey claims the prosecutor was "retaliating" against him due to other litigation, of which his defense counsel was aware. Ramsey argues that the prosecutor and his defense counsel were in collusion and forced him to accept an open guilty plea. After his plea hearing, Ramsey hired a different attorney "to overturn his guilty plea." This counsel represented Ramsey at sentencing. In his PCR motion, Ramsey also deemed this attorney ineffective for various reasons, including not minimizing his sentence.

¶16.    Ramsey provides no proof of the allegations made against his defense attorneys beyond his own accusations. "When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Cook v. State*, 301 So. 3d 766, 778 (¶36) (Miss. Ct. App. 2020). Ramsey attached no affidavits to support his contentions, and his PCR motion was not sworn. Further, at the plea hearing, Ramsey confirmed his satisfaction with his plea counsel. Because Ramsey failed to prove his claim, this issue is without merit.

### III.    Brief Addendum

¶17.    Finally, Ramsey filed an addendum to his appellate brief entitled "Notice to Supreme Court and Court of Appeals of Illegal Misconduct by the Mississippi Dep[artment] of Corrections." In his notice, Ramsey claims his legal mail was improperly tampered with, infringing on his constitutional rights, and requests an investigation. Ramsey attaches a letter to his prison's warden complaining that "legal mail" from a handwriting forensic expert operated by a religious ministry that he had hired to help "prove his innocence" was received late and had been opened, as well as copied, by prison authorities.

¶18.    This issue is not properly before us as it was not raised in his PCR motion before the trial court. Issues not raised before the trial court are procedurally barred and not subject to further review. *Sumrell v. State*, 972 So. 2d 572, 575 (¶11) (Miss. 2008). Accordingly, we decline to address Ramsey's notice.

### CONCLUSION

¶19.    Based on the foregoing reasons, we affirm the trial court's denial of Ramsey's PCR motion.

¶20.    **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**